Dear Ms. Elshout:
You requested an Attorney General's opinion regarding the assessment of property in the name of a deceased owner. You indicate that it has been the policy of your office to leave the property listed on the tax rolls in the deceased owner's name until a Judgment of Possession has been filed on record with the Clerk of Court, as per advisement by legal counsel. The only exception to this policy was that an Affidavit of Heirship filed on record was sufficient to transfer ownership on the tax roll, only if the deceased owner had died prior to January 1, 1973, the effective date of La. R.S. 47:2425. You contend that this policy is in compliance with the provisions of La. R.S. 47:1965. You advise that a local attorney has questioned the legality of this policy. Therefore, you question whether the assessment of property owned by a deceased owner, whose succession is unopened, is to be listed on the tax rolls in the deceased owner's name as an estate, or does an Affidavit of Heirship filed on record with the Clerk of Court where the property is located suffice to transfer the ownership of the property to the heirs, no matter the date of death of the deceased.
First, we note that the listing and assessing of property in the name of a deceased owner is governed by La. R.S. 47:1965, which provides:
 Any assessment made in the name of a party deceased shall be good and valid throughout the state unless notification in writing of the death and of whether or not the succession has been opened and when and where, shall have been made in due season to the assessor by the heirs or parties interested. In all cases property assessed in the name of the owner as appears on the record of the recorder of mortgages at the date of listing shall be deemed properly assessed. *Page 2 
This office has opined that the taxes are the burden of the real property's record owner. In our opinion dated March 25, 1960, this office concluded:
 "Of course, assessments of property should be made according to the records of the Clerk of Court or Conveyance Records, and therefore when the owner of the property is known to have died, the assessment should be in the name of the estate of the deceased owner. However, under the facts presented by you, where children or forced heirs sell the property, we do not believe that it is incumbent upon you to require succession proceedings in order to make assessments, but in the absence of fraud or where you have reason to believe that these heirs are the actual heirs, it is our opinion that the assessment should be made in the name of the purchaser, or the last record owner as reflected by the Conveyance Books."
In Attorney General Opinion No. 92-67, we stated "the assessor must assess taxes to the record owner without inquiring into any defects which may exist in his title, including the lack of a succession proceeding and/or judgment or possession."
In the situation you described, the deceased owner would still be the record owner of the property. An Affidavit of Heirship is not sufficient to transfer ownership of the property, as of record, to the purported heirs. Therefore, it is the opinion of our office that the property should be assessed in the name of the estate of the deceased owner. However, if the purported heirs transfer the property, the assessment should then be made in the name of the purchaser of record.
Trusting this adequately responds to your request, we remain
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: __________________________________
 KENNETH L. ROCHE, III
 Assistant Attorney General